FRANK J. CURRIER

*v.*

ADA DOW CURRIER.

[Filed November 1st, 1904.]

1. Where a husband and wife had been living apart by mutual consent, there must be satisfactory proof that the consent thereto was withdrawn and the marital duty was demanded, to turn such separate living into willful desertion.

2. The letters of the wife, in this case, do not sufficiently corroborate the testimony of the petitioner to establish willful desertion.

---

On petition for divorce.

*Messrs. Hudspeth & Puster,* for the petitioner.

MAGIE, CHANCELLOR.

The petition in this case was filed November 10th, 1902, and charges that defendant deserted petitioner, in the State of

New York, in October or November, of 1896, and that the desertion has since continued.

Defendant not appearing or answering, an order of reference was made. The master reported thereon that the petitioner is entitled to relief because of a desertion which he finds took place in the fall of 1898.

Do the proofs before the master support this report?

Petitioner's evidence shows that he and the defendant were in the theatrical profession, and that for some time prior to the fall of 1898 they were engaged in that profession, playing in different traveling companies, one in one part of the country and one in another.

It is clear, from the evidence, that the living apart of the parties while thus engaged was by mutual consent.

To turn such separate living into willful desertion there must be satisfactory proof that the consent thereto was withdrawn and the marital duty was demanded.

Petitioner testifies that he wrote letters to his wife, which, he claims, notified her that he had withdrawn his consent to separate living, and that he demanded her return to him. No copies of the letters were retained by the petitioner, nor is any witness called who saw them. What the contents of the letters were can only be discovered from petitioner's testimony. There is therefore no direct corroboration of petitioner in this respect on this essential point in his case.

It is urged that there is indirect corroboration thereof. Petitioner testifies that in November or December of 1898 he received a letter from his wife. That letter was not preserved and has not been produced. He swears that a friend, named Head, saw the letter, and that it contained his wife's refusal to return to him. Head, being called as a witness, swears that the petitioner, about that time, showed him a letter from petitioner's wife, which witness recognized as being in the same handwriting of other letters that she had written, and that petitioner pointed to one paragraph thereof, which witness read. He declares that the words he read were, "No, I shall never come back."

I am unable to accept this evidence as corroborative of peti-

tioner's previous demand for his wife's return to him. Such corroboration is necessary to establish desertion under the circumstances of this case.

But it is further urged that this excerpt from the letter sufficiently establishes that defendant had the intent to desert, and would not have returned to petitioner if her return had been demanded. Where the proof makes it clear that a demand would be ineffectual the husband may possibly be excused from making it. But in the absence of proof of the context of the letter I do not think that a court would be justified in reading the clause testified to by Head as indicating an intention never to return to her husband. It·is quite capable of other and innocuous meaning. It may also well be that the letter, if all its contents were before us, would give a sufficient reason for the statement if it bears the construction contended for.

Counsel have put in evidence a letter from the defendant to them. If admissible evidence, it fails to show a willful desertion. It indicates that the defendant does not object to her husband's procuring a divorce, but that is insufficient to justify a decree.

The master's report cannot be confirmed, and the petition must be dismissed.